UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELSIE EVANS,**

    **Plaintiff,**

    v.                                          CIV. NO. 06-563 ACT/RLP

**NEW MEXICO CORRECTIONS DEPARTMENT,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion in Limine filed September 17, 2007. [Doc.31.] Plaintiff is seeking to exclude from evidence at trial "[a]ny references to polygraph tests administered by the New Mexico Department of Corrections in its internal investigation regarding Plaintiff's termination." Motion, at 1. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion is well-taken and will be granted.

Background.

Plaintiff filed a Complaint for Employment Discrimination on the Basis of Sex on June 26, 2006, alleging that Defendant wrongfully discriminated and retaliated against her on the basis of sex when Defendant terminated her April 13, 2005. Plaintiff was a Correctional Officer 1 and prior to her termination worked at the Western New Mexico Correctional Facility since 2000. Plaintiff was fired for meeting with fellow employees of the Corrections Department and discussing filing false allegations of sexual harassment and/or sexual discrimination against Deputy Warden Carl

ToersBijns ["Deputy Warden]. Plaintiff denies that she discussed filing false allegations but rather listened to her fellow employees, Mary Ann Sandoval ["Sandoval"], Melissa Garcia ["Garcia"] and Norma James ["James"] as a friend and Union steward and only "encouraged [ James] to pursue her available administrative and Union remedies." Complaint at ¶ 13. When allegations of false accusations were exposed by James, a formal investigation was ordered. Part of the formal investigation included polygraph examinations.

Legal authority.

Polygraph evidence is generally inadmissible in this Circuit. *Palmer v. City of Monticello*, 31 F.3d 1499, 1506 (10th Cir. 1994). If a party seeks to admit a polygraph test, that party must satisfy the criteria for admission of expert witness testimony under Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), as well as Federal Rule of Evidence 403. *United States v. Call*, 129 F.3d 1402, 1404 (10th Cir. 1997), *cert. denied*, 524 U.S. 906 (1998).

Federal Rule of Evidence 702 governs the admissibility of scientific expert testimony. The Rule requires a determination that the testimony (1) is based on scientific knowledge, and (2) will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. The second part of the Rule 702, that the evidence be helpful to the fact finder, is a question of relevance.

In *Daubert*, the Supreme Court set for forth the framework for analyzing the admissibility of scientific evidence. In addition to Rule 702's requirements, *Daubert* further requires a determination of whether the proffered scientific evidence is reliable. Under *Daubert*, courts measure reliability of scientific evidence by considering (1) whether the technique can and has been

tested; (2) whether the technique has been subjected to peer review; (3) the known or potential error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has gained general acceptance in the scientific community. *Id*. at 593-95.

In addition to satisfying *Daubert*, polygraph evidence must also satisfy both Rule 702 and Rule 403, which permits the district court to exclude evidence where its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." *Call*, 129 F.3d at 1405.

Discussion.

According to the "Notice of Final Action-Dismissal" ["Notice"] dated April 11, 2005, Defendant conducted an investigation of the events underlying Plaintiff's dismissal. Response, Exh. A at 2. The investigation included polygraph examinations of the Plaintiff and four other employees of the Defendant. Further, according to Notice, the polygraph examination results showed that Plaintiff, Sandoval, and Garcia were "deceptive" in their responses. *Id*. The polygraph examination results also showed that James was truthful. Finally, the Notice indicates that the five polygraph examination results were used as evidence by the Defendant as a basis for the Defendant's decision to terminate Plaintiff from her position as a Correctional Officer 1 with the New Mexico Corrections Department.[1]

Defendant seeks to introduce the polygraph evidence to show that it had a "good faith basis and a non-discriminatory basis for terminating the Plaintiff." Response at 2. That is, Defendant wants to introduce this evidence to show it based its decision to terminate on "witness statements

---

[1] The results of the polygraph examination of the fifth employee, Frank Chavez, have not been disclosed not were they discussed in the Notice.

and polygraph examinations" and was not motivated by discriminatory animus. Response at 5. Essentially, Defendant is asserting that the polygraph evidence is not evidence of anyone's truthfulness, but rather evidence of the investigation it conducted prior to Plaintiff's termination and grounds for Plaintiff's termination.

For the following reasons, the Court will not admit the polygraph evidence at trial. Polygraph examinations are scientific evidence. *Call,* 129 F.3d at 1405. The Defendant has not offered any expert testimony regarding the polygraph examinations. Defendant has not demonstrated that these specific polygraph tests were reliable under *Daubert* or Rule 702. There is no evidence before this Court that the results of the polygraphs have any degree of scientific certainty required by Rule 702 or *Daubert*.[2]

Moreover, the results of these polygraph examinations do not meet the second part of Rule 702 in that they will not assist the trier of fact in determining a fact in issue. If the results of the examination are admitted, the jury will consider the results in determining whether Plaintiff met with Sandoval, Garcia, and James and discussed making false allegations of harassment against the Deputy Warden. These results will undermine Plaintiff's credibility when Plaintiff will presumably testify that she did not participate in such discussions. This is not permitted in that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony." *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993). This is because "expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function

---

[2] The Court notes that Defendant's reliance on *United States v. Hall*, 805 F.2d 1410 (10th Cir. 1986) and *English v. Colorado Department of Corrections*, 248 F.3d 1002 (10th Cir. 2001) is misplaced. The Court in *Call* specifically abrogated *Hall* and all decisions on polygraph evidence decided prior to *Daubert*. *Call*, 129 F.2d at 1404. The reliability and admissibility of polygraph evidence was not an issue in the *English* decision. *English*, 248 F.3d 1002.

to make credibility determinations, and therefore does not 'assist the trier of fact' as required by Rule 702." *United States v. Charley,* 189 F.3d 1251, 1267 (10th Cir. 1999) (quoting Rule 702).

Finally, the Court concludes that the polygraph evidence should be excluded under Rule 403. In *Call,* the Tenth Circuit noted that it was appropriate to exclude the polygraph evidence because of the danger that the jury may overvalue it as a result of its "scientific nature." *Call*, 129 F.3d at 1406. This is particularly of concern in this matter as the scientific reliability of these examinations has not be demonstrated. Thus, the Court finds that this prejudice outweighs any probative value. Also this evidence may cause a confusion of the issues and will be a waste of time as Defendant will have the opportunity to cross-examine the Plaintiff and witnesses at trial, and the jury will have a firsthand opportunity to assess the Plaintiff's and witnesses' credibility for themselves.

For all the foregoing reasons, the Court will grant Plaintiff's Motion in Limine and exclude all references to polygraph examinations and their results at trial.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**