FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 29 2007

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELSIE EVANS,

    Plaintiff,

v.                                      CIV. NO. 06-563 ACT/RFP

NEW MEXICO CORRECTIONS
DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion in Limine to exclude "the comparatives" in the video deposition testimony of Warden Tapia.[1] Specifically, Defendant asks the Court to exclude any reference to disciplinary action taken against other employees of the Defendant as a result of DWI or domestic violence allegations, or convictions on the grounds that these employees were not similarly-situated and their conduct was not of comparable seriousness. The Court held a hearing on this matter at the Pre-Trial Conference held on October 26, 2007.

The Court will deny Defendant's Motion. To demonstrate that Defendant discriminated against Plaintiff on the basis of sex, Plaintiff may introduce evidence that she was treated differently than male employees. To show discrimination the employees must be "similarly-situated." *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing

---

[1] Counsel for Defendant raised this issue by letter dated October 24, 2007, [Court Exh. A], and counsel for Plaintiff responded by letter dated October 25, 2007, [Court Exh. B]. As the Court advised counsel at the hearing, the Motion is not timely. Notice of Jury Trial, Doc.23. Nevertheless, in fairness to the Defendant, because of a recent change in counsel, the Court will consider the merits of the Motion.

performance evaluation and discipline.") In addition, Plaintiff must show that similarly-situated employees were "disciplined for conduct of 'comparable seriousness' in order for their disparate treatment to be relevant." *Id.*

The Court finds that the discipline imposed on the employees referred to in Warden Tapia's deposition raises a question of fact as to whether the employees were similarly-situated and whether the conduct was of comparable seriousness. The testimony of Warden Tapia on this issue will be admitted.

As a result of this decision, the Court will also admit Plaintiff's Exhibit 7 which contains lists of employees who were suspended or terminated in 2002, 2003, 2004 and 2005. Plaintiff is instructed to redact the last names of the employees listed on this exhibit. The Court will refuse to admit Plaintiff's Exhibit 9 which purportedly lists the names of employees charged with DWI and domestic violence but who were suspended rather than dismissed under Defendant's Code of Ethics policy. This exhibit lacks foundation in that there are no dates associated with the information, it is unclear who prepared the exhibit, and the circumstances surrounding or reasons for the suspensions are not sufficiently identified.

**IT IS SO ORDERED.**

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE,
PRESIDING

Law Offices

# BEALL & BIEHLER
An Association
6715 ACADEMY RD. NE
ALBUQUERQUE, NM 87109

TEL: 505-828-3600
FAX: 505-828-3900

**BEALL LAW FIRM, L.L.C.**
LARRY D. BEALL*
JOSE R. BLANTON

*Member Colorado Bar
**Member New York Bar

**BIEHLER & HARRIS, L.L.C.**
GREGORY L. BIEHLER
JOSH A. HARRIS
FELICIA C. CASTILLO

*Of Counsel:*
MARCIA E. LUBAR
KRISTIN MCKEEVER
ANNA E. MCDOWELL

e-mail address:
jharris@beall-biehler.com

Our File No.: 6201-086

October 24, 2007

**VIA HAND DELIVERY**
Julia Roberts, Esq.
Judge Alan C. Torgerson's Office
US District Court
Federal Bldg. & U.S. Courthouse
333 Lomas Blvd. NW #670
Albuquerque, NM 87102

Re:   Elsie Evans v. New Mexico Corrections Department; CV 06-0563 ACT/RLP

Dear Ms. Roberts:

Enclosed with this letter is a transcript of the trial testimony of witness Warden George Tapia. His testimony is intended by the parties to be presented to the jury by video. He has to undergo surgery this Friday and will be laid up in bed for a full week following his surgery. During Warden Tapia's trial testimony, I made an offer of proof that I need Judge Torgerson to rule on, hopefully no later than the pretrial conference. In that way I would be able to provide the videographer with any edits that might be necessary so she can accomplish this in time to present the video at trial. The offer of proof begins at the top of page 71 and continues to page 74.

There is also another issue that needs to be addressed. Plaintiff's counsel questioned Warden Tapia extensively on male corrections officers who were either charged with or convicted of DWI and domestic violence. These references begin at page 57 and end at page 62. You will note that in my Memorandum of Law and Trial Brief, I addressed the admissibility of these types of "comparatives" and whether they are proper comparatives or not. Because Warden Tapia's video needs to be presented in lieu of his live testimony, I believe it is in everyone's best interests that the Judge provide us with his ruling on this issue at the pretrial conference on Friday.

Very truly yours,

BEALL & BIEHLER

By: _____
Josh A. Harris

JAH:kls
cc via email w/o enclosures: Donald G. Gilpin, Esq.

**COURT EXHIBIT "A"**

**GILPIN & KEEFE, P.C.**

DONALD G. GILPIN
M. J. KEEFE

5100 Indian School Rd. NE • Albq., NM 87110
Phone: 505-244-3861 • Fax: 505-254-0044

ATTORNEYS AT LAW

October 25, 2007

The Honorable Alan C. Torgerson
U.S. District Court for the District of New Mexico
333 Lomas Blvd., NW #670
Albuquerque, New Mexico 87102

*VIA HAND-DELIVERY*

Re:   Elise Evans v. New Mexico Corrections Department
      CV 06-0563

Dear Judge Torgerson:

Pursuant to your directive, Plaintiff submits the following response to Defendant's Letter of October 24, 2007. Plaintiff objects to the request of Defendant to exclude evidence of comparatives in the trial set for October 29, 2007.

Defendant did not file a Motion in Limine by the deadline imposed by the Court. Defendant now attempts to "backdoor" the exclusion of evidence without following the Court's Orders. Furthermore, the injection of this evidentiary issue at this late date does not allow Plaintiff to fully brief this issue and interferes with Plaintiff's ability to prepare for trial.

Assuming arguendo, the Court decides to hear this matter, Plaintiff asserts that she has proper evidence to submit to the jury regarding comparatives. The Tenth Circuit has held that:

> [a] plaintiff may also show pretext on a theory of disparate treatment by providing evidence that he was treated differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness. An employee is similarly situated to the plaintiff if the employee deals with the same supervisor and is subject to the "same standards governing performance evaluation and discipline." *Aramburu*, 112 F.3d at 1404 (internal quotations and citation omitted). "A court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees in determining whether they are similarly situated." *Id.*

*Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1232 (10th Cir., 2000). Furthermore, the determination of similarly situated employees is ordinarily a question of fact. *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1116-1117 (10th Cir., 2007).

**COURT EXHIBIT "B"**

The Honorable Alan C. Torgerson
October 25, 2007
Page 2

---

In the case at bar, we have the same supervisor, Warden Tapia, and corrections officers of the same facility who are subject to the same standards of discipline as Plaintiff. Plaintiff was terminated for violating the NMDOC code of ethics/conduct policy. Male employees of the NMDOC were convicted of DWI and Domestic Violence and were not terminated. Warden Tapia admitted in his video testimony that these male employees convicted of DWI and DV also violated the NMDOC code of ethics/conduct policy and were subject to discipline by him. Warden Tapia chose to impose lesser sanctions on male employees who violated the code of ethics/conduct than the sanctions he imposed on Plaintiff for violating the same policy.

DWI and DV convictions are of comparable seriousness and arguably more egregious than any alleged conspiracy to file false sexual harassment charges against a Deputy Warden. At the very least the jury should be allowed to determine if the male employees who violated the NMDOC code of ethics/conduct were similarly situated.

Plaintiff respectfully requests the Court to allow her to present evidence of male employees who violated the same code of ethics/conduct as Plaintiff was alleged to have violated. If Plaintiff is unable to present such evidence of similarly situated males, she will be severely prejudiced in presenting her case.


Respectfully,

GILPIN & KEEFE, P.C.

DONALD G. GILPIN

Attorney at Law


cc: Josh Harris, Esq. *(via facsimile)*
    Elsie Evans